| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>DURHAM COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>FILE NO. |

| | |
|---|---|
| STATE OF NORTH CAROLINA, ex rel.<br>JOSHUA H. STEIN, Attorney General,<br><br>    Plaintiff,<br><br>v.<br><br>TINTED BREW LIQUID CO., LLC<br><br>    Defendant. | )<br>)<br>) **COMPLAINT AND MOTIONS FOR**<br>) **TEMPORARY RESTRAINING**<br>) **ORDER AND PRELIMINARY**<br>) **INJUNCTION**<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

Plaintiff, the State of North Carolina, by and through its Attorney General, Joshua H. Stein, brings this action against Defendant Tinted Brew Liquid Co., LLC, pursuant to the North Carolina Unfair or Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1 *et seq.*, for marketing and selling e-cigarette products designed to appeal to youth to North Carolina consumers. The State seeks to ensure that these tobacco products are not unlawfully marketed and sold to minors. In support of its Complaint, the State alleges as follows:

## INTRODUCTION AND SUMMARY

Tinted Brew, a for-profit company based in California, sells e-cigarettes that taste like candy but are packed with addictive nicotine. Tinted Brew targets children, and does not require appropriate age verification when selling its

dangerous products. Tinted Brew's actions have contributed to the epidemic of youth vaping throughout the country, and in North Carolina.





2

Vapor products are defined under North Carolina law as "any noncombustible product that employs a mechanical heating element, battery, or electronic circuit regardless of shape or size and that can be used to heat a liquid nicotine solution contained in a vapor cartridge." N.C.G.S. § 14-313(a)(5). When the e-liquid reaches a certain temperature, it converts to an aerosol that a user inhales or "vapes." Nicotine is a highly addictive element found in combustible cigarettes and other tobacco products. As a result, the State regulates e-liquids and other vapor products that contain nicotine in the same manner as tobacco products.[1]

Nicotine is poisonous to the human brain. The developing brains of teenagers and children are particularly vulnerable to nicotine, and have what one study describes as "exquisite sensitivity" to nicotine's neurotoxic effects. Even small and brief exposures to nicotine can cause lasting neurobehavioral damage in adolescents.[2] When a young person gets addicted to nicotine, it makes it much more likely that he or she will later become a user of traditional cigarettes or illegal drugs.[3]

---

[1] Vapor products and components of vapor products (e.g., device-compatible cartridges containing e-liquids, and separately bottled e-liquids and juices) fall under the umbrella of "tobacco products" as defined under North Carolina law. *See* N.C.G.S. § 14-313(a)(4).

[2] Yael Abreu-Villaça, et al., *Nicotine is a neurotoxin in the adolescent brain: critical periods, patterns of exposure, regional selectivity, and dose thresholds for macromolecular alterations*, 979 Brain Research 114-28 (July 25, 2003), https://www.ncbi.nlm.nih.gov/pubmed/12850578.

[3] U.S. Department of Health, and Human Services, Centers for Disease Control and Prevention, National Center for Chronic Disease, Prevention and Health Promotion, Office on Smoking and Health, *E-Cigarette Use Among Youth And Young Adults: A Report of the Surgeon General — Executive Summary* (2016), https://e-cigarettes.surgeongeneral.gov/documents/2016_SGR_Exec_Summ_508.pdf.

Tinted Brew is one actor in this billion-dollar industry, producing and promoting candy- and dessert-flavored e-liquids that are specifically targeted to lure minors to using its products. Among the flavors Tinted Brew sells are Nilla Wafers, creampuff, coconut macaroon, and strawberry milk.

Both the U.S. Surgeon General and the former Food and Drug Administration (FDA) Commissioner have described underage use of e-cigarettes as an "epidemic."[4] Statistics confirm these warnings from public health advocates. In 2011, just 1.7% of North Carolina high school students reported using e-cigarette products; by 2017, 16.9% of high school students and 5.3% of middle school students reported using e-cigarette products within the last 30 days, making e-cigarettes by far the most commonly used tobacco product among youth.[5] According to the National Youth



---

[4] U.S. Department of Health and Human Services, Public Health Service, Surgeon General's Advisory on E-cigarette Use Among Youth (Dec. 18, 2018), https://e-cigarettes.surgeongeneral.gov/documents/surgeon-generals-advisory-on-e-cigarette-use-among-youth-2018.pdf; *see also* U.S. Food and Drug Administration, FDA News Release: *FDA takes new steps to address epidemic of youth e-cigarette use, including a historic action against more than 1,300 retailers and 5 major manufactures for their roles perpetuating youth access* (Sept. 12, 2018), https://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm620184.htm.

[5] NC DHHS, Division of Public Health, Tobacco Prevention and Control Branch, *North Carolina Youth Tobacco Survey Middle & High School Fact Sheet*, available at https://www.tobaccopreventionandcontrol.ncdhhs.gov/data/yts/docs/2017-YTS-FactSheet-FINAL.pdf.

4

Tobacco Survey, more than 3.6 million middle and high school students were current e-cigarette users in 2018, an increase of more than 1.5 million students since 2017.[6] The reason for such a dramatic spike in underage use of nicotine is plain: a 2019 study showed that use of e-cigarettes among young people results in higher nicotine dependence levels than nicotine dependence related to combustible cigarette use. While e-cigarette manufacturers and retailers claim that e-cigarettes are a safer alternative to combustible cigarettes, among young adults, use of e-cigarettes carries a greater risk of addiction than from combustible cigarettes.[7]

The spike in underage use of e-cigarettes is the predictable result of the youth-oriented marketing and product design engaged in by Tinted Brew, and exacerbated by Tinted Brew's egregious disregard for proper age-verification measures, which are required by law to ensure that these harmful and highly addictive products are not sold to minors.

The State brings this action to stop these unlawful practices and protect North Carolina youth from the devastating effects of nicotine addiction resulting from Tinted Brew's business conduct. The State seeks to enjoin Tinted Brew from selling or marketing its products—which are specifically designed to lure minors—

---

[6] U.S. FDA: Youth Tobacco Use: Results from 2018 National Youth Tobacco Survey (Nov. 15, 2018), https://www.fda.gov/tobacco-products/youth-and-tobacco/youth-tobacco-use-results-national-youth-tobacco-survey.
[7] Mateusz Jankowski et al., *E-Cigarettes Are More Addictive Than Traditional Cigarettes—A Study in Highly Educated Young People*, 16 Intl. J. of Envir. Research and Pub. Health 2279 (2019).

in North Carolina, and hold it accountable for its unlawful acts in the form of civil penalties, costs, and reasonable attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, the State of North Carolina ("the State"), acting on relation of its Attorney General, Joshua H. Stein, brings this action pursuant to Chapters 75 and 114 of the North Carolina General Statutes. The Attorney General is charged, among other things, with enforcing North Carolina's Unfair or Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1 *et seq.*, on behalf of the State.

2. Defendant Tinted Brew Co. is a foreign corporation with its principal place of business in Tarzana and/or Moorpark, California. Tinted Brew is an online manufacturer and retailer of various brands of vapor products.

3. At all relevant times, Tinted Brew has been engaged in trade or commerce in the State of North Carolina and subject to North Carolina's Unfair or Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1 *et seq.*

4. This Court has personal jurisdiction over Tinted Brew. *See Affidavit of William G. Lindsey, State v. Eonsmoke LLC*, ¶¶ 4, 7, Ex. 4.

5. The Attorney General's Office served a Civil Investigative Demand on Tinted Brew on or about June 21, 2019, pursuant to N.C.G.S. §§ 75-9 *et seq.* Tinted Brew has not responded or produced any records or documents to the Attorney General's Office.

6

6. The Court has subject matter jurisdiction over this dispute, and venue is proper in Durham County pursuant to the Attorney General's selection under N.C. Gen. Stat. § 75-14.

## FACTUAL ALLEGATIONS

### I. Tinted Brew Uses Kid-Friendly Flavors to Make Dangerous Nicotine Products Appealing to Minors.

7. It has long been recognized that flavors create an on-ramp for youth and non-smokers to begin using tobacco products. Utilizing kid-friendly flavors to make tobacco flavors more palatable to youth is a strategy first employed by the tobacco industry. An internal Lorillard memorandum, which became public as a result of the Master Settlement Agreement, demonstrated that, because younger consumers were "attracted to products with 'less tobacco taste,'" company officials suggested using "data from the company which produced 'Life Savers' as a basis for determining which flavors enjoy the widest appeal" among youth.[8]

8. Just like the tobacco industry of old, Tinted Brew has disregarded the dangers associated with underage nicotine use in the name of profit. Tinted Brew's business strategy is premised on selling dessert flavored e-liquids designed to attract children, including flavors that replicate popular foods among children, like creampuff, coconut macaroon, strawberry milk, and Nilla Wafers.

---

[8] Letter from S.T. Jones to File at 2 (June 8, 1979), https://www.industrydocumentslibrary.ucsf.edu/tobacco/docs/#id=mjxf0129.

7





9. The stakes could not be higher for our children. One in four North Carolina high school or middle school students who use e-cigarettes say they use the products because of the flavors,[9] and 81% of 12-17 year olds who use e-cigarettes began with a flavored version.[10]

---

[9] NCDHHS, *supra* note 5.
[10] *See* American Academy of Pediatrics et al., Campaign for Tobacco-Free Kids, *The Flavor Trap: How Tobacco Companies Are Luring Kids with Candy-Flavored E-Cigarettes and Cigars* (Mar. 15, 2017), https://www.tobaccofreekids.org/microsites/flavortrap/full_report.pdf.

8

10. Moreover, many underage users are not even aware that e-cigarettes contain nicotine. One 2018 study found that 11.5% of 8th-12th graders who use e-cigarettes believe they are inhaling flavored water vapor. A separate 2018 study reported that 63% of users aged 15-24 of popular e-cigarette brand JUUL did not know that all JUUL products, including the fruit- and dessert-flavored cartridges, contained nicotine.[11]

11. This lack of awareness and perception by kids is not surprising—and not their fault. The companies, like Tinted Brew, selling e-liquids that come in flavors replicating cookies and creampuffs are specifically and unlawfully targeting children and deceiving them about the highly addictive nature of nicotine e-liquid.

## II. Tinted Brew Failed to Utilize Adequate Age Verification to Ensure Minors Were Not Purchasing Its Products Online.

12. In June 2013, the North Carolina General Assembly amended N.C.G.S. § 14, "Article 39. Protection of Minors" to broaden the definition of tobacco products to include vapor products and components of vapor products.[12] This expanded prohibitions on the distribution of tobacco products to persons under 18 to e-cigarettes and e-cigarette components such as device-compatible cartridges containing e-liquids, and separately bottled e-liquids and juices.

---

[11] N.C. Department of Health and Human Services, Press Release: *Growing Number of North Carolina Teens at Risk of Addiction to Nicotine, Study Finds* (Apr. 11, 2019), https://www.ncdhhs.gov/news/press-releases/growing-number-north-carolina-teens-risk-addiction-nicotine-study-finds.

[12] *See* S.L. 2013-165, § 1. https://www.ncleg.net/EnactedLegislation/SessionLaws/HTML/2013-2014/SL2013-165.html

9

13. The amended statute also added a provision governing online sales or "other remote sales methods" of vapor products, since the previous iteration of the statute seemingly contemplated only brick-and-mortar retailers in outlining prohibitions designed to protect minors from tobacco sales. N.C.G.S. § 14-313(b2).

14. The new subsection, titled "Internet distribution of tobacco products," requires that any retailer selling tobacco products online "shall perform an age verification through an independent, third-party age verification service that compares information available from public records to the personal information entered by the individual during the ordering process to establish that the individual ordering the tobacco product is 18 years of age or older." *Id.*

15. This provision became effective on August 1, 2013. *See* S.L. 2013-165, § 1. Therefore, any internet-based transaction that took place on or after August 1, 2013 by a retailer that resulted in the distribution of a vapor product to any North Carolina consumer was unlawful unless an independent, third-party age-verification service was engaged to establish that the purchaser was at least 18 years of age.

16. Although North Carolina has required any company selling e-cigarette devices or components, including e-liquids, through the Internet to perform age verification via an independent, third-party age-verification service since 2013, upon information and belief, Tinted Brew has never utilized an independent third-party age-verification service to perform age verification prior to filling online orders to North Carolina consumers. Thus, every transaction between Tinted Brew

10

and any North Carolina customer has been in violation of N.C. Gen. Stat. § 14-313(b2) and § 75-1.1. Upon information and belief, many of these transactions allowed individuals under age 18 to purchase e-cigarette products directly from Tinted Brew.

17. In violation of N.C.G.S. § 14-313(b2), Tinted Brew continues to allow minors to access its website and purchase its nicotine-containing e-liquids and juices without using a third-party age verification procedure.

### III. Tinted Brew Uses Deceptive and Unfair Marketing Strategies to Attract Underage Consumers.

18. Tinted Brew actively markets its products to minors, both on its own websites and on social media. Tinted Brew's practices are substantially injurious to underage consumers and offend the established public policy of youth tobacco prevention, and thus violate N.C.G.S. § 75-1.1. *See Marshall v. Miller*, 32 N.C. 539, 548, 276 S.E.2d 397, 403 (1981).

19. Similar to the tobacco industry's now-banned marketing practices designed to appeal to youth (such as using cartoon characters, celebrity endorsements, and targeted product placement), Tinted Brew uses dessert-like flavors, bright colors, and child-friendly product names to promote its products to minors.

20. Tinted Brew sells and has sold e-cigarette products in flavors designed to look and/or taste like Nilla Wafers, creampuff, and strawberry milk. Tinted Brew markets these products, typically through its social media pages or paid advertisements, by selling products that sound like foods popular among children.

11

21. Tinted Brew also uses marketing channels that are most popular among teenagers, and are less popular among adults. Young people are more likely to use social media platforms such as Instagram and Snapchat than adults, yet most of Tinted Brew's marketing activities take place on those platforms rather than in adult-oriented media. Tinted Brew's use of these youth-oriented social media channels directly promotes these child-friendly products to underage consumers.

22. In addition, Tinted Brew advertises with videos of users performing vape tricks, like producing smoke rings and clouds. Researchers at Yale School of Medicine surveyed teenagers to understand what they found "cool about e-cigarettes." The top two responses were (1) appealing flavors, and (2) performing vapor tricks, "such as blowing smoke rings or creating funnels of smoke that look like tornadoes."[13]

---

[13] "Vaping Tricks Increase Teens' Attraction to E-Cigarettes," Partnership for Drug-Free Kids, May 7, 2015, https://drugfree.org/learn/drug-and-alcohol-news/vaping-tricks-increase-teens-attraction-e-cigarettes/.



23. Unfortunately, these marketing practices are effective. A 2016 study showed that 78% of middle and high school students were exposed to e-cigarette advertisements from at least one source, such as product websites or social media. "Exposure to these advertisements increase[d] intention to use e-cigarettes among

13

adolescent nonusers" and was "associated with current e-cigarette use, with increasing exposure being associated with increased odds of use."[14]

24. On information and belief, Tinted Brew does not use age-gating procedures to prevent underage consumers from following their social media pages or accessing their websites. By not using age-gating procedures and using marketing channels that are predominately popular with young people, Tinted Brew purposely exposes minors to its e-cigarette marketing.

## CLAIM FOR RELIEF

**Violations of the Unfair or Deceptive Trade Practices Act, N.C.G.S. § 75-1.1**

1. The allegations contained in paragraphs 1-25 are incorporated by reference as if they were set out at length herein.

2. Tinted Brew, in the course of marketing its e-cigarette devices and e-liquid products, engaged in unfair or deceptive trade practices affecting North Carolina consumers that are prohibited by N.C.G.S. § 75-1.1. Tinted Brew's unfair or deceptive omissions, acts, and practices include, but are not limited to, knowingly marketing, selling, and delivering addictive nicotine-based products to minors, including by:

   a. Designing its products, including its kid-friendly flavors and appearance, to appeal to youthful audiences, knowing that that would include many minors;

---

[14] Jenssen & Walley, *supra* note 12.

14

b. Pursuing marketing strategies and campaigns that it knew would attract minors;

   c. Failing to provide age-verification techniques for internet sales required by North Carolina law, thereby allowing many underage users to easily obtain its products.

## JURY DEMAND

3. The State demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons outlined above, the State requests that the Court:

1. Issue a temporary restraining order enjoining Tinted Brew, its officers, directors, employees, and agents, and all those acting in concert with them, from offering, selling, delivering or in any manner providing e-cigarette products within this State;

2. Preliminarily and permanently enjoin Tinted Brew, its officers, directors, employees, and agents, and all those acting in concert with them, as appropriate;

3. Award civil penalties to the State from Tinted Brew pursuant to N.C.G.S. § 75-15.2;

4. Disgorge Tinted Brew's profits from its unfair or deceptive acts and practices to the State;

15

5. Award the State its costs, including a reasonable attorneys' fee, incurred by the investigation and litigation of this matter pursuant to N.C.G.S. § 75-16.1; and

6. Any and all further legal and equitable relief as the Court deems the State is entitled to receive.

This the 27th day of August, 2019.

        JOSHUA H. STEIN
        Attorney General

        W. Swain Wood
        General Counsel

        Kevin Anderson
        Senior Deputy Attorney General
        Director, Consumer Protection Division

        *Laura McHenry*
        Laura H. McHenry
        Assistant Attorney General
        N.C. State Bar No. 45005
        lmchenry@ncdoj.gov

        Daniel Wilkes
        Assistant Attorney General
        N.C. State Bar No. 46500
        dwilkes@ncdoj.gov

        North Carolina Department of Justice
        Post Office Box 629
        Raleigh, North Carolina 27602
        Phone: (919) 716-6000
        Facsimile: (919) 716-605