IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STATE OF NORTH CAROLINA, ex )
rel. JOSHUA H. STEIN, Attorney )
General, )
 )
             Plaintiff, )
 )
             v. )         1:19-CV-886
 )
TINTED BREW LIQUID CO., LLC, )
 )
             Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

      The State of North Carolina filed suit against the defendant, Tinted Brew Inc., in state court alleging that Tinted Brew was committing unfair and deceptive trade practices by marketing its e-cigarettes to minors and seeking a temporary restraining order to prohibit Tinted Brew from selling its e-cigarette products in North Carolina. Tinted Brew removed the case to federal court, and the State now moves to remand and seeks attorneys' fees and costs.

      As this Court lacks subject matter jurisdiction, the case is remanded to state court. Because there was no objectively reasonable basis for removing this case from state court, Tinted Brew must pay the State's reasonable attorneys' fees and costs associated with seeking removal.

## Background

Tinted Brew is a California-based corporation that sells e-cigarette devices and e-liquid products.[1] On August 27, 2019, the State filed a complaint in Durham County Superior Court against Tinted Brew asserting claims under N.C. Gen. Stat. § 75-1.1. Doc. 4. The State alleged that the company had designed its products to appeal to younger audiences, including minors; pursued marketing strategies that it knew would attract minors; and failed to provide age-verification techniques for internet sales, as required by North Carolina law, thus allowing minors to obtain its products. *Id.* at 14–15. The State sought preliminary and permanent injunctive relief and asked for civil penalties and disgorgement of profits pursuant to state law. *Id.* at 15. The complaint included no federal causes of action.

A hearing was scheduled on the State's motion for a temporary restraining order for September 3. Doc. 1-4. Tinted Brew removed the case on September 2, contending that the Family Smoking Prevention and Tobacco Control Act (FSPTCA) and implementing regulations by the United States Food and Drug Administration preempt the State's claims so as to permit federal jurisdiction. Doc. 1 at 3–6.[2] The State now seeks a remand and attorneys' fees.

---

[1] *See* Doc. 8 at 2 (Defendant states it is a corporation called "Tinted Brew Inc.," not "Tinted Brew Co." or "Tinted Brew Liquid Co., LLC.").

[2] The Notice of Removal states "Plaintiff's Claim for Relief also raises federal First Amendment questions to the extent Plaintiff seeks to stifle Defendant's ability to convey commercial messages to the general public." Doc. 1 at 6. Tinted Brew does not assert this question as a basis for federal jurisdiction in its Response in Opposition to Motion to Remand. Doc. 15. Tinted Brew includes the First Amendment among the affirmative defenses asserted in

**Discussion**

In general, a defendant may remove a civil action if a federal court would have had original jurisdiction over one or more of the plaintiff's claims. *See* 28 U.S.C. § 1441(a). The party seeking removal has the burden to show the case qualifies for it. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). District courts "construe removal jurisdiction strictly because of the significant federalism concerns implicated by it," and "state law complaints usually must stay in state court when they assert what appear to be state law claims." *Id.* at 440.[3]

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under this rule, a case "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 27–28 (1983). The federal question "must be disclosed upon the face of the

---

its Answer, Doc. 8 at 9, but, as analyzed *infra*, an affirmative defense cannot create federal jurisdiction. *See also CarMax Auto Superstores, Inc. v. Sibley*, No. 3:16cv611, 2016 WL 7493973, at *7 (E.D. Va. Dec. 30, 2016) (holding First Amendment defense does not confer federal question jurisdiction); *Hohal v. Tangorre*, No. ELH-16-1893, 2016 WL 4889264, at *5 (D. Md. Sept. 15, 2016) (same).

[3] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

complaint," *Gully v. First Nat'l Bank,* 299 U.S. 109, 113 (1936); *see also Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009), and merely having a federal defense is not a basis for federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987); *Lontz*, 413 F.3d at 439.

There is an "independent corollary" to the well-pleaded complaint rule known as the "complete preemption" doctrine. *Caterpillar*, 482 U.S. at 393. It applies in those rare situations where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* When an area of state law has been completely preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, [to be] a federal claim, and therefore arises under federal law." *Id.*; *accord Franchise Tax Bd.*, 463 U.S. at 24 (same).

Tinted Brew asserts removal is justified here based on 1) the substantial question of federal law presented, and 2) complete preemption.

### A. Substantial Question of Federal Law

This "slim category of cases" where federal jurisdiction exists for a state-law claim is governed by the Supreme Court's four-pronged test, which requires that the federal question must be (1) necessarily raised, (2) actually disputed, and (3) substantial, "meaning that its resolution is important to the federal system as a whole," and (4) "the federal system must be able to hear the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Burrell v. Bayer Corp.*,

918 F.3d 372, 380 (4th Cir. 2019) (quoting *Gunn v. Minton*, 568 U.S. 251, 260 (2013); *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Tinted Brew has not satisfied this test. A federal question is "necessarily raised" only if it is a "necessary element of one of the well-pleaded state claims," *Burrell*, 918 F.3d at 381, and Tinted Brew has not identified any element of a state Chapter 75 claim that is based on federal law. The only federal question Tinted Brew has identified in non-conclusory terms is the preemption issue, which, as an affirmative defense, is not a federal question in this context. *Id.* at 386 ("[F]ederal issues that are necessarily raised by a complaint . . . [do] not include affirmative preemption defenses."). The State's complaint alleges unfair or deceptive acts or omissions in designing packaging, in marketing, and in providing age-verification techniques, *see* Doc. 4 at 14–15, and while these claims may involve federal standards, "the mere presence of a federal issue in a state cause of action is not enough to confer [federal] jurisdiction." *Burrell*, 918 F.3d at 380 (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

Tinted Brew has not met its burden to show this case should be removed as presenting a substantial federal question. Given the lack of such a question in this context, Tinted Brew also cannot show the Court may consider this case without disturbing the statutory "balance of federal and state judicial responsibilities." *See Burrell*, 918 F.3d at 386 ("§ 1331 confers jurisdiction only if a case meets all four requirements" of the Supreme Court's standard; given substantiality analysis, defendant cannot meet fourth prong).

5

Tinted Brew contends this case is "different" from *Burrell* because it is brought by the state Attorney General, not a private litigant. But courts routinely remand cases brought by state Attorneys General or the equivalent in the face of preemption defenses that were based on federal statutes as diverse as antitrust law, debt collection, and Medicaid fraud. *See, e.g.*, *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674–76 (9th Cir. 2012); *Texas v. Melton*, No. A-16-CA-863-SS, 2016 WL 4718434, at *2–3, n.1 (W.D. Tex. Sept. 9, 2016); *New Mexico, ex rel. Balderas v. Preferred Care, Inc.*, 158 F. Supp. 3d 1226, 1230–33 (D.N.M. 2015); *Pennsylvania v. Eli Lilly & Co., Inc.*, 511 F. Supp. 2d 576, 584–86 (E.D. Pa. 2007). If anything, the fact that a state brought suit in its own state's court strengthens the case for keeping it there. *See Nevada*, 672 F.3d at 676 (noting that when Nevada alleged only state law causes of action to protect Nevada residents, "the claim of sovereign protection from removal arises in its most powerful form"). Indeed, *Franchise Tax* was such a case, and the Supreme Court noted exactly the opposite from Tinted Brew's argument. *See Franchise Tax Bd.*, 463 U.S. at 21 n.22 ("[C]onsiderations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it.").

### B. Complete Preemption

A complaint "purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vaden*, 556 U.S. at 61. The complete preemption doctrine "provides that if the subject matter of a putative state law claim has been totally subsumed by federal law—such that state law cannot even treat on the subject matter—then removal is appropriate." *Lontz*,

413 F.3d at 439–40.[4]  As "[f]ederalism concerns strongly counsel against imputing to Congress an intent to displace a whole panoply of state law absent some clearly expressed direction," "[t]he presumption . . . is against finding complete preemption." *Lontz*, 413 F.3d at 440.

For complete preemption to apply, "the preempting statute must not only create a federal cause of action, but must also show that Congress intended it to provide *the exclusive* cause of action for claims of overwhelming national interest."  *Lontz*, 413 F.3d at 441 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9, 11 (2003)).  "Most notably, the congressional intent that state law be entirely displaced must be clear in the text of the statute."  *Lontz*, 413 F.3d at 441 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987)).

The Family Smoking Prevention and Tobacco Control Act does not indicate such intent, and indeed it specifically preserves a state role in regulating tobacco products and in enforcement:  "[N]othing in this subchapter shall be construed to limit the authority of a State to enact, adopt, promulgate, and enforce any law, rule, regulation, or other measure with respect to tobacco products that is in addition to, or more stringent than, requirements established under this subchapter . . . ."  21 U.S.C. § 387p(a)(1) (irrelevant words and phrases not included, for ease of reading).  The preemption provision is

---

[4] Complete preemption should not be confused with "conflict" or "ordinary" preemption:  the former is a jurisdictional doctrine, but the latter may be a federal defense to the allegations and "simply declares the primacy of federal law, regardless of the forum or the claim."  *Lontz*, 413 F.3d at 440.  Litigation of preemption as a defense may continue in state court even if complete preemption does not confer federal subject matter jurisdiction.  *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 589 (4th Cir. 2006).

7

limited to certain subject areas that do not include marketing, 21 U.S.C. § 387p(a)(2)(A), and it is followed by a saving provision establishing exceptions even in those areas. *See Smokeless Tobacco Mfg. Co., LLC v. City of New York*, 703 F. Supp. 2d 329, 344–45 (S.D.N.Y. 2010) (listing several types of local regulations permissible under the saving clause). Read together, the three provisions—preservation, preemption, and saving—protect state authority to enforce some laws relating to tobacco products and in no way indicate that Congress intended to completely preempt state involvement in tobacco regulation.

Indeed, other federal courts analyzing questions of "ordinary," rather than complete, preemption, *see* note 4 *supra*, have found the FSPTCA does not preempt certain state and local regulations. *See, e.g.*, *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1188–90 (N.D. Cal. 2018) (noting plaintiffs' claim seeking to add required words to tobacco product packaging was expressly preempted by FSPTCA and "the specificity of the FDA Rule on labeling," but that "no aspect of plaintiffs' claims based on an allegedly misleading or fraudulent advertising is preempted" by the statute); *Nat'l Ass'n of Tobacco Outlets, Inc. v. City of Providence*, No. 12-96-ML, 2012 WL 6128707, at \*12–13 (D.R.I. Dec. 10, 2012) (local regulation of promotional materials was not preempted); *U.S. Smokeless Tobacco Mfg. Co.*, 703 F. Supp. 2d at 340–41, 347–48 (characterizing the FSPTCA as having "a limited preemptive scope").

Tinted Brew points out that the FDA has authority to promulgate regulations about labelling and package appearance. Doc. 15 at 12. Perhaps this fact supports its argument

8

that the State's particular claims are preempted,[5] but Tinted Brew cites no case for the proposition that administrative authority to regulate establishes complete preemption. And at least one court has held that state action is not necessarily preempted in areas where the FDA has authority to promulgate regulations but has not yet done so. *See U.S. Smokeless Tobacco Mfg. Co.*, 703 F. Supp. 2d at 344, 346.

Tinted Brew has not met its burden to show that the Family Smoking Prevention and Tobacco Control Act completely preempts all state action. The complete preemption doctrine does not provide a basis for subject matter jurisdiction.

### C. Remand

As there is no substantial federal question and no complete preemption, this Court does not have subject matter jurisdiction over the State's state law claims against Tinted Brew. Once a district court determines it lacks subject matter jurisdiction in a removed case, the case "shall be remanded," and "no other fact-finding, legal analysis, or exercise of judicial discretion is necessary in order to follow the congressional directive." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 589 (quoting 28 U.S.C. § 1447(c)). Accordingly, this case will be remanded to North Carolina state court.

### D. Attorneys' Fees and Costs

In remanding the case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." 28 U.S.C. § 1447(c). Whether to award such fees and costs is within the trial court's discretion, but

---

[5] The substantive question of whether the FSPTCA preempts the State's specific claims in this case is not before the Court, and the Court expresses no opinion on the question.

absent unusual circumstances, the removing party must have "lacked an objectively reasonable basis for seeking removal" before attorneys' fees are appropriate. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

There was no reasonable basis for removal here. The State's cause of action "does not involve or depend upon the resolution of a federal question." *Texas*, 2016 WL 4718434, at *3. Tinted Brew asserted two potential federal questions in its Notice of Removal—federal preemption and the First Amendment—both of which were included as affirmative defenses in its Answer. Doc. 8. Long-established precedent indicates affirmative defenses are not "substantial federal questions" that confer federal jurisdiction. *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption."); *Burrell*, 918 F.3d at 386. *Cf. Martin*, 546 U.S. at 134, 141 (denying fees since defendant "relied in part on precedent suggesting" that federal diversity jurisdiction was satisfied, and lower courts found removal was reasonable). Moreover, the FSPTCA text—including the preemption provision within a section titled "Preservation of State and local authority" and sandwiching preemption between two provisions protecting such authority—indicates that Congress did not intend to remove tobacco regulation entirely from state enforcement authority; there are numerous cases finding state or local

10

regulation is not preempted in particular circumstances; and Tinted Brew cites no case finding complete preemption by the FSPTCA. Finally, Tinted Brew's arguments against awarding fees include the asserted timing of the temporary restraining order hearing in North Carolina, Doc. 15 at 21, which implies it sought removal at least in part to buy time; this is not an objectively reasonable basis.

The Court will retain jurisdiction over this matter only as necessary to determine the amount of fees and costs that Tinted Brew owes to the State as a result of removal.[6] *See Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 711 (S.D. W. Va. 2000) ("a federal court may consider collateral issues after an action is no longer pending," such as awarding fees and costs after the case has been remanded to state court) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395–96 (1990)); *see also Sheppard v. Conway*, No. 3:14-25039, 2015 WL 12839167, at *2 & n.2 (S.D. W. Va. Feb. 10, 2015) (remanding case to state court and directing plaintiff to file a memorandum and affidavit specifying costs and expenses incurred as a result of removal).

## Conclusion

Tinted Brew has not met its burden to demonstrate removal is justified in this case, either as a substantial federal question or through complete preemption. This case is indistinguishable from one in which a defendant asserts preemption as a defense, and North Carolina state courts are capable of deciding issues of preemption should Tinted

---

[6] The State may not recover fees and costs that were "incurred coincidentally in conjunction with the removal of the action" to federal court and would have been incurred anyway in state court proceedings. *Carden v. Wal-Mart Stores, Inc.*, No. 5:08–0063, 2009 WL 2915075, at *3 (S.D. W. Va. Sept. 4, 2009).

11

Brew continue to assert them. As no objectively reasonable basis existed for Tinted Brew to remove this case to federal court, the Court will exercise its discretion to award to the plaintiff reasonable attorneys' fees and costs associated with the removal.

It is **ORDERED** that:

1. The State's motion for remand and for reasonable attorneys' fees and costs, Doc. 10, is **GRANTED**.

2. This matter is hereby **REMANDED** to the Superior Court of Durham County. The Clerk shall transmit this Order to the Clerk of Superior Court in Durham County.

3. If the State wishes to proceed with its request for attorneys' fees under 28 U.S.C. § 1447(c), the State shall, within 14 days of entry of this Order, provide information about the time spent on the motion and the expected amount of the attorneys' fee request to the defendant, and the parties shall thereafter meet and confer as to the amount of attorneys' fees and costs. *See* L.R. 54.2. If they agree as to the amount, they are to file an appropriate stipulation and request for an order no later than December 6, 2019. If they are unable to agree, then no later than December 6, 2019, the State shall file a separate motion for attorneys' fees, accompanied by the written statement of consultation and motion required by L.R. 54.2, and supported by a declaration or affidavit, time records, or other evidence documenting costs and expenses incurred as a result of removal. Tinted Brew may then file a response and supporting evidence within 7 days after the State's filing.

4. Remand shall **not** await disposition of the attorneys' fee issue. If nothing is filed on December 6, 2019, the Clerk shall terminate and close the case.

This the 7th day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE